**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DBW PARTNERS, LLC | : | |
| d/b/a THE CAPITOL FORUM, | : | |
| | : | Case No.: 19-cv-3715-RBW |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BLOOMBERG, L.P. and | : | |
| BLOOMBERG FINANCE, L.P., | : | |
| | : | |
| Defendants. | : | |

**CAPITOL FORUM'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL**
**SUMMARY JUDGMENT ON ITS CONTRIBUTORY INFRINGEMENT CLAIM**

## TABLE OF CONTENTS

I.   INTRODUCTION ....................................................................................................... 1

II.  STATEMENT OF FACTS ......................................................................................... 3

III. LEGAL STANDARD UNDER RULE 56(d) .......................................................... 4

IV.  THE REQUESTED DISCOVERY IS EITHER SUPERFLUOUS TO THE MOTION OR
WITHIN BLOOMBERG'S KNOWLEDGE ................................................................ 8

    A. Capitol Forum's "Newsgathering Practices" ...................................................... 8

    B. Capitol Forum's "Business Model" ..................................................................... 9

    C. Capitol Forum's Subscribers ............................................................................... 9

    D. "Whether Capitol Forum Allowed Bloomberg to Report on its Stories" ......... 10

V.   GIVEN BLOOMBERG'S KNOWLEDGE, IT HAS THE PRESENT ABILITY TO
CONTEST THE FACTS ESSENTIAL TO CAPITOL FORUM'S MOTION--IF IT CANNOT
CONTEST THESE FACTS, SUMMARY JUDGMENT IS APPROPRIATE ........................... 11

VI.  THERE IS NO NEED TO DEFER CAPITOL FORUM'S MOTION ................................. 13

VII. CONCLUSION ...................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**                                                                                               **Page**

*Andrades v. Holder,*
    286 F.R.D. 64 (D.D.C. 2012) ............................................................................................7

*Brewer v. Holder,*
    20 F.Supp.3d 4 (D.D.C. 2013) ...........................................................................................6

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC,*
    69 F. Supp. 3d 342 (S.D.N.Y. 2014) ...............................................................................10

*Byers v. Burleson,*
    713 F.2d 856 (D.C. Cir. 1983) ...........................................................................................7

*Cannon v. D.C.,*
    717 F.3d 200 (D.C. Cir. 2013) ...........................................................................................6

*Cheyenne Arapaho Tribes of Oklahoma v. United States,*
    558 F.3d 592 (D.C. Cir. 2009) .......................................................................................2, 5

*Convertino v. U.S. Dep't of Justice,*
    684 F.3d 93 (D.C. Cir. 2012) .............................................................................................6

*Davis v. Mnuchin,*
    No. 108-cv-00447, 2018 WL 8584035 (D.D.C. Nov. 13, 2018) .......................................6

*Dunning v. Quander,*
    468 F.Supp.2d 23 (D.D.C. 2006), *aff'd,* 508 F.3d 8 (D.C. Cir. 2007) .............................6

*Estate of Parsons v. Palestinian Auth.,*
    715 F. Supp. 2d 27 (D.D.C. 2010), *aff'd,* 651 F.3d 118 (D.C. Cir. 2011) ....................5, 7

*Flava Works, Inc. v. Gunter,*
    689 F.3d 754 (7th Cir. 2012) ...........................................................................................10

*Fonovisa v. Napster, Inc.,*
    No. 3:01-cv-02669, 2002 WL 398676 (N.D. Cal. Jan. 28, 2002) ....................................12

*Freedom Watch, Inc. v. Dep't of State,*
    925 F. Supp. 2d 55 (D.D.C. 2013) ...................................................................................14

*Harrison v. Office of the Architect of the Capitol,*
    281 F.R.D. 49 (D.D.C. 2012) ..................................................................................2, 4, 5, 7

*Messina v. Krakower,*
    439 F.3d 755 (D.C. Cir. 2006) ...................................................................................5

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
    545 U.S. 913 (2005) ...................................................................................2, 8, 9, 10, 13

*Newborn v. Yahoo!, Inc.,*
    391 F. Supp. 2d 181 (D.D.C. 2005) ..........................................................................12

*Partridge v. Am. Hosp. Mgmt. Co., LLC,*
    289 F. Supp. 3d 1 (D.D.C. 2017) ................................................................................6

*Playboy Enterprises, Inc. v. Russ Hardenburgh, Inc.,*
    982 F. Supp. 503 (N.D. Ohio 1997) ..........................................................................10

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa,*
    482 U.S. 522 (1987) ......................................................................................................7

*Strang v. U.S. Arms Control & Disarmament Agency,*
    864 F.2d 859 (D.C. Cir. 1989) ....................................................................................5

*Swann v. Office of Architect of Capitol,*
    73 F. Supp. 3d 20 (D.D.C. 2014), *aff'd sub nom. Swann v. Office of the Architect of the
    Capitol,* No. 15-5001, 2015 WL 5210251 (D.C. Cir. Aug. 18, 2015) .................6

*Tech 7 Sys., Inc. v. Vacation Acquisition, LLC,*
    594 F. Supp. 2d 76 (D.D.C. 2009) .............................................................................11

*W. Virginia ex rel. Morrisey v. United States Dep't of Health & Human Servs.,*
    No. 14-cv-1287 (RBW), 2014 WL 12803229 (D.D.C. Nov. 3, 2014) ...............14

## **Rules**

Federal Rule of Civil Procedure 26 ...............................................................................6

Federal Rule of Civil Procedure 56(d) ................................................................... passim

DBW Partners LLC, doing business as The Capitol Forum ("Capitol Forum"), respectfully files this reply brief in support of its motion for partial summary judgment on its contributory infringement claim, and requests that the Court reject Bloomberg's request to deny or defer consideration of that motion.

## I.      INTRODUCTION

Pursuant to Rule 56(d), the non-movant must show why "for specified reasons, it cannot present facts essential to justify its opposition." Bloomberg's Rule 56(d) response and the accompanying declaration of its counsel are patently insufficient to permit denial or deferral of Capitol Forum's pending motion. None of the discovery Bloomberg seeks is relevant—let alone essential—to any opposition it may choose to submit to this Court. Each one of the facts necessary to Capitol Forum's motion is within Bloomberg's knowledge. As such, Bloomberg has the present ability to address each one of them and to oppose Capitol Forum's motion—without wasteful discovery efforts.

Capitol Forum's motion rests on three discrete facts: (1) Bloomberg solicited Capitol Forum subscribers to send it the copyrighted material; (2) Bloomberg received 103 copyrighted publications from Capitol Forum subscribers; and (3) Bloomberg knew that the Capitol Forum publications were copyrighted and could not be transmitted to it without permission. These three facts, in and of themselves, are sufficient to establish Capitol Forum's entitlement to partial summary judgment.

In its Rule 56(d) response, Bloomberg does not even mention these essential facts. Instead, it demands discovery on a number of areas that are either irrelevant to Capitol Forum's motion or are already within its knowledge. Moreover, while Rule 56(d) requires a litigant to identify any unavailable facts with specificity and particularity, Bloomberg's discovery areas are

1

broad, generalized and speculative.  Nor does Bloomberg "show that the requested discovery, if obtained, 'would alter the court's determination.'" *Harrison v. Office of the Architect of the Capitol,* 281 F.R.D. 49, 51 (D.D.C. 2012) (citing *Cheyenne Arapaho Tribes of Oklahoma v. United States,* 558 F.3d 592, 596 (D.C. Cir. 2009)).

According to Bloomberg, it cannot respond to Capitol Forum's motion because it needs discovery into a broad array of vague, unfocused, and scattershot areas that have nothing to do with the facts at issue in Capitol Forum's motion.  These areas include Capitol Forum's "damages" and the impact "of Bloomberg's conduct on Capitol Forum's business."  *See* Dkt. 21-1 at pp. 3-4.  But the damages issue is irrelevant to the motion; Capitol Forum has filed a motion for *partial* summary judgment, and the motion explicitly states that the amount of damages should be left for trial.  *See* Dkt. 17-1 at p. 1.  Bloomberg also says that it wants to take discovery on the "fair use defense," even though fair use is inapplicable in this contributory infringement claim.  Other areas of requested discovery include Capitol Forum's "news gathering practices;" the reasons why readers subscribe to Capitol Forum; and whether the same readers subscribe to Bloomberg's publications.  Why this information is germane is not addressed.

In addition, Bloomberg claims that it needs "discovery into Capitol Forum's subscribers generally" in order to probe their "motivations" in sending the publications to Bloomberg "in order to establish that these subscribers were not 'induced' by Bloomberg."  *See* Dkt. 21-1 at pp. 4-5.  This is pure sophistry.  Copyright law does not require an inquiry into the "motivations" of the direct infringers, and no court has ever so held.  As the Supreme Court clearly stated, "the classic instance of inducement is by advertisement or solicitation that broadcasts a message designed to stimulate others to commit violations."  *See Metro-Goldwyn-Mayer Studios Inc. v.*

2

*Grokster, Ltd.,* 545 U.S. 913, 916, 937 (2005).  The "substantial participation" prong of the contributory violation is satisfied by proof of solicitation; nothing more is required.

Finally, Bloomberg says it needs discovery into the fact that Capitol Forum "allegedly withdrew [any] permission" for Bloomberg to use its articles.  *See* Dkt. 21 at p. 8.  As Capitol Forum asserted in its motion papers, it informed Bloomberg in May 2013 that it would no longer forward its reports to Bloomberg or share its publications with Bloomberg.  Somehow Bloomberg contorts this assertion into a theory that it might have "perceived" that it had permission to obtain the reports from Capitol Forum subscribers.  *See id.*; *see also* Dkt. 21-1 at p. 5.  While the logic of this argument escapes us, for the purposes of this motion, it is sufficient to say that if Bloomberg can assert in good faith that it "perceived" some sort of copyright permission to solicit Capitol Forum's subscribers, such a perception is exclusively within its own knowledge, and Bloomberg can therefore submit an opposition on that basis and without any discovery.

## II.     STATEMENT OF FACTS

Capitol Forum's motion for partial summary judgment was carefully focused on the facts essential to support a determination of contributory liability.  Moreover, Capitol Forum made sure to rest its motion only on facts that: (1) it knew Bloomberg could not deny; and (2) were within Bloomberg's knowledge so that any Rule 56(d) opposition would not be successful.

Here are those essential facts:

1.   Statement of Material Fact ("SOMF") No. 11:  Mr. Downey informed Mr. Fineman in May 2013 that Capitol Forum would no longer forward or share its reports with Bloomberg.

2.   SOMF No. 12:  After Capitol Forum received its copyright registration in 2016 and

its articles contained copyright disclosures, Mr. Fineman continued to solicit Capitol Forum subscribers.

3.  SOMF No. 13:  In April 2017, Mr. Downey informed Mr. Fineman and Mr. Shapira that Capitol Forum objected to Bloomberg's solicitation of its subscribers and asked it to stop.

4.  SOMF No. 14:  Despite Mr. Downey's request, Mr. Fineman continued to solicit Capitol Forum subscribers and request copies of the articles.

5.  SOMF No. 15:  Between June 2016 and December 2018, Mr. Fineman routinely contacted Capitol Forum subscribers to ask them to send him the Capitol Forum publications. Mr. Fineman received at least 103 Capitol Forum copyrighted publications as a result of his solicitation of Capitol Forum subscriber(s).

6.  SOMF No. 21:  Bloomberg knows that the Capitol Forum publications are copyrighted and cannot be transmitted to it without permission of Capitol Forum.

These material facts, if undisputed, entitle Capitol Forum to partial summary judgment on its contributory infringement cause of action.  Each of these facts are within the present knowledge of Bloomberg.  Each of these facts could be disputed by Bloomberg without the need for discovery.

## III.   LEGAL STANDARD UNDER RULE 56(d)

Federal Rule of Civil Procedure 56(d) provides that a court may deny a motion for summary judgment, defer its consideration, allow time to obtain discovery, or issue another appropriate order if the party opposing the motion demonstrates that it cannot yet "present facts *essential* to justify its opposition."  Fed. R. Civ. P. 56(d) (emphasis added); *Harrison,* 281 F.R.D. at 51 (The non-moving party must "establish that the discovery [it] seeks is *essential* to justify [its] opposition.") (internal quotation omitted).  In other words, "a party must show that the

4

requested discovery, if obtained, 'would alter the court's determination.'" *Harrison,* 281 F.R.D. at 52 (citing *Cheyenne,* 558 F.3d at 596).

To obtain relief under Rule 56(d), the non-moving party must identify the "discovery [it] would seek to oppose a motion for summary judgment 'concretely' and with 'sufficient particularity.'" *Harrison,* 281 F.R.D. at 51; *see also Messina v. Krakower,* 439 F.3d 755, 762 (D.C. Cir. 2006); *Strang v. U.S. Arms Control & Disarmament Agency,* 864 F.2d 859, 861 (D.C. Cir. 1989).  The party must "articulate a plan for obtaining the discovery alleged to be unavailable"[1] and may not rely upon "a generalized, speculative request to conduct discovery." *Estate of Parsons v. Palestinian Auth.,* 715 F. Supp. 2d 27, 35 (D.D.C. 2010), *aff'd,* 651 F.3d 118 (D.C. Cir. 2011)*.*

Additionally, "a party seeking relief under Rule 56(d) may not rely on speculation that discovery will produce material evidence.  Rather, [the party] must adduce support for the proposition that discovery would have produced the evidence [it] anticipated." *Harrison*, 281 F.R.D. at 52 (citing *Messina*, 439 F.3d at 763 n. 6).

The showing required by Rule 56(d) must be made "by affidavit or declaration."  Fed. R. Civ. P. 56(d).  "The affidavit or declaration itself must 'identify . . . the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment.'" *Harrison*, 281 F.R.D. at 52.  The D.C. Circuit has instructed that a Rule 56(d) affidavit must satisfy three requirements:

> First, it must outline the particular facts [the party] intends to discover and describe why those facts are necessary to the litigation. Second, it must explain why [the party] could not produce the facts in opposition to the motion for summary judgment. Third, it must show the information is in fact discoverable.

---

[1] *Harrison*, 281 F.R.D. at 51.

*Cannon v. D.C.,* 717 F.3d 200, 208 (D.C. Cir. 2013) (citing *Convertino v. U.S. Dep't of Justice,* 684 F.3d 93, 99-100 (D.C. Cir. 2012).  "In sum, the affidavit or declaration cannot be a generalized, speculative request to conduct discovery but must demonstrate that further specified discovery will defeat a summary judgment motion."  *Davis v. Mnuchin,* No. 108-cv-00447, 2018 WL 8584035, at *15 (D.D.C. Nov. 13, 2018) (internal quotation omitted); *see also Partridge v. Am. Hosp. Mgmt. Co., LLC,* 289 F. Supp. 3d 1, 20 (D.D.C. 2017) (district courts should deny a request for delay in ruling on a motion for summary judgment in order to obtain discovery when "the discovery sought appears irrelevant, or if discovery would be wholly speculative."); *Swann v. Office of Architect of Capitol,* 73 F. Supp. 3d 20, 27 (D.D.C. 2014), *aff'd sub nom. Swann v. Office of the Architect of the Capitol*, No. 15-5001, 2015 WL 5210251 (D.C. Cir. Aug. 18, 2015) ("[a] party opposing a summary judgment motion on the basis that discovery is needed bears the burden of identifying the facts that would create a triable issue."); *Brewer v. Holder*, 20 F.Supp.3d 4, 18 (D.D.C. 2013) ("[b]ecause Plaintiffs do not point to particular facts that they intend to discover which are *relevant* to addressing Defendants' arguments, the Court declines Rule 56(d) relief with respect to the [Plaintiffs'] claim.") (emphasis added); *Dunning v. Quander,* 468 F.Supp.2d 23, 27 n. 5 (D.D.C. 2006), *aff'd,* 508 F.3d 8 (D.C. Cir. 2007) (denying a Rule 56(d) motion because the requested information was immaterial).[2]

---

[2] While the *limited* discovery available under Rule 56(d) differs from discovery under Rule 26, Rule 26(b) limits discovery in general to "any nonprivileged matter that is *relevant* to any party's claim or defense . . ."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  Moreover, all discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which states that the court must limit discovery where:

> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Bloomberg's generalized and unfocused Rule 56(d) response does not come close to satisfying these requirements for discovery, and its disregard of applicable District of Columbia standards is evident.  The law is clear that the non-movant must set forth the *specific facts* it supposedly needs, *Harrison*, 281 F.R.D. at 52, and cannot rely on "generalized" requests to conduct discovery.  *Estate of Parsons*, 715 F. Supp. 2d at 35.  Yet Bloomberg says that it wants to take discovery "into Capitol Forum's subscribers ***generally***."  *See* Dkt. 21-1 at p. 4.  Bloomberg also claims that it is entitled to take discovery into issues "***beyond*** those raised in Capitol Forum's motion."  *See* Dkt. 21 at p. 7 (emphasis in original).  But this is not the law in this court or in any court—and the one case Bloomberg cites for this flawed proposition, *Byers v. Burleson,* 713 F.2d 856, 862-63 (D.C. Cir. 1983), says no such thing.  Indeed, *Byers* did not involve Rule 56(d)—and did not even mention Rule 56(d).

Furthermore, Bloomberg does not state how the facts it seeks to discover are "essential to justify its opposition."  *Harrison,* 281 F.R.D. at 51.  Nor does it "explain why those facts would preclude summary judgment."  *Id.* at 52.  As noted, there are three facts essential to Capitol Forum's motion (solicitation, knowledge, and direct infringement), yet Bloomberg's discovery demands have nothing to do with these facts.  And again, each one of these facts is clearly within Bloomberg's knowledge.  No reason is given why Bloomberg cannot address these issues now.

Bloomberg's Rule 56(d) response is a sham, calculated only to delay this case and to use its superior resources to drive up the litigation costs of a much smaller competitor.  This Court should not permit Bloomberg to engage in such dilatory tactics.  "Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests."  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa,* 482 U.S. 522, 546 (1987); *see also Andrades v. Holder*, 286 F.R.D. 64, 66 (D.D.C. 2012)

("[t]he discovery rules . . . are not an open-ended invitation to subject a party to irrelevant, unduly burdensome, or otherwise improper discovery requests.").

## IV.   THE REQUESTED DISCOVERY IS EITHER SUPERFLUOUS TO THE MOTION OR WITHIN BLOOMBERG'S KNOWLEDGE

### A.   Capitol Forum's "Newsgathering Practices"

Bloomberg asserts that it is entitled to discovery into Capitol Forum's newsgathering practices to support its claim that the solicitation of copyrighted materials constitutes a "routine" newsgathering practice and that this practice is protected by principles of "freedom of the press and the fair use defense." *See* Dkt. 21-1 at p. 3.  As a strictly legal matter, this argument completely ignores the fact that the Supreme Court, as well as every other court, has consistently held that the first amendment does not protect copyright violations—and cannot be invoked to impinge upon intellectual property rights. *See* Dkt. 17-1 at pp. 14-18.  (And, as noted above, the fair use defense does not apply in contributory infringement cases.).[3]

Moreover, as a factual matter, there is no evidence whatsoever that the solicitation of copyrighted material is any type of "routine" journalistic practice.  Despite Capitol Forum's challenge for proof of this routine practice, Bloomberg has failed to produce one whit of evidence that the solicitation of copyright violations is considered routine or acceptable by anyone in the publishing business (other than itself): not one federal or state decision; not one law review article; not one journalism textbook; not one journalistic guideline; not one industry publication.  Bloomberg's "routine practice" argument is a canard, presented only to delay this case.  Journalists, and particularly responsible journalists, do not disregard copyright protections. In its motion for partial summary judgment, Capitol Forum noted that Bloomberg has yet to

---

[3] Bloomberg's fair use defense may be applicable to the direct infringement claim, but not to the contributory infringement claim.  Notably, the Supreme Court's most recent opinion on contributory infringement, *Grokster, supra*, does not even mention fair use.

come forward with any evidence for its claim that the solicitation of copyrighted material is a "routine journalistic practice." *See* Dkt. 17-1 at p. 19.  It still has not.

### B.  Capitol Forum's "Business Model"

Here, Bloomberg says it wants to evaluate the relative importance of Capitol Forum's publications to "other aspects of its business." *See* Dkt. 21-1 at p. 4.  Bloomberg asserts that information is relevant to the effect of Bloomberg's conduct on Capitol Forum's business and to the fair use defense.  But as noted above, neither damages, nor the fair use defense, is germane to Capitol Forum's motion for partial summary judgment.

### C.  Capitol Forum's Subscribers

Bloomberg wants discovery of the West Coast Hedge Fund that was solicited by Mr. Fineman, as well as discovery into Capitol Forum's subscribers "*generally*" to learn about their "motivations for sharing information with Bloomberg." *See* Dkt. 21-1 at pp. 4-5.  Not only is this discovery request objectionable as intended to intimidate Capitol Forum's subscribers and thus to punish Capitol Forum for bringing this action, it is clearly irrelevant.  Copyright law does not require an inquiry into the "motivations" of the direct infringers.  To the contrary, contributory liability is established through the showing that the contributory infringer "solicited" or "encouraged" the copyright violation.  Nothing further is required on this element.  As the Supreme Court stated, "the classic instance of inducement is by advertisement or solicitation that broadcasts a message designed to stimulate others to commit violations." *See Grokster,* 545 U.S. at 916, 937.  The contributory violation requires only a showing that the defendant took affirmative steps to encourage the direct infringement.  The "motivations" of the direct infringer are not an element of the claim—and Bloomberg has failed to make any showing that this type of evidence is relevant.

As set forth in Capitol Forum's motion, Dkt. 17-1 at pp. 11-12, 13-14, 18, the inducement prong of the contributory violation is established through evidence or allegation of solicitation or encouragement of the direct infringer by the contributory infringer—and not by the direct infringer's "motivation" or intent in forwarding the copyrighted material. The caselaw makes this clear:

> *Grokster*:[4] "the classic instance of inducement is by *advertisement or solicitation*[;]"
>
> *Flava Works*:[5] defendant "invited people to post copyrighted videos;"
>
> *Playboy*:[6] defendant "encouraged subscribers to upload [copyrighted] information;"
>
> *BWP Media*: [7] defendant "recruit[ed] individuals….to 'steal' photographs."

No case has every required a showing of the direct infringer's motivation. Discovery is irrelevant on this topic.

### D.  "Whether Capitol Forum Allowed Bloomberg to Report on its Stories"

Another make-weight discovery argument is Bloomberg's assertion that it needs discovery into the fact that Capitol Forum "allegedly withdrew [any] permission" for Bloomberg to use its articles. *See* Dkt. 21 at p. 8. As Capitol Forum asserted in its motion papers, it informed Bloomberg in May 2013 that it would no longer forward or share its reports with Bloomberg and further informed Bloomberg in April 2017 that it objected to Bloomberg's continued solicitation of its subscribers. Bloomberg twists these proscriptions into some sort of

---

[4] 545 U.S. at 916, 937.

[5] *Flava Works, Inc. v. Gunter,* 689 F.3d 754, 758 (7th Cir. 2012).

[6] *Playboy Enterprises, Inc. v. Russ Hardenburgh, Inc.,* 982 F. Supp. 503, 514 (N.D. Ohio 1997).

[7] *BWP Media USA Inc. v. Hollywood Fan Sites, LLC,* 69 F. Supp. 3d 342, 356 (S.D.N.Y. 2014).

implied license argument and says it needs discovery into its "perceived permission to use [as] an element of equitable estoppel." *Id.*

This argument that Bloomberg might have "perceived" that it had a license to use Capitol Forum's material is both novel and absurd.  Bloomberg has never asserted this issue before in any of the dealings between the parties.  Moreover, if Bloomberg actually "perceived" that it had some sort of license to use Capitol Forum's materials, that "perception" is something that resides solely within Bloomberg's knowledge, and it can assert that defense in response to Capitol Forum's motion.  One of the elements of equitable estoppel is that the defendant relied on the plaintiff's conduct to its detriment, *Tech 7 Sys., Inc. v. Vacation Acquisition, LLC*, 594 F. Supp. 2d 76, 86 (D.D.C. 2009), and this is something that Bloomberg can address now.   We seriously question whether Bloomberg will be able, in good faith, to assert this estoppel defense in this Court.  But should it choose to do so, there is no reason it cannot do so in response to Capitol Forum's motion, and without the need for discovery.

## V.   GIVEN BLOOMBERG'S KNOWLEDGE, IT HAS THE PRESENT ABILITY TO CONTEST THE FACTS ESSENTIAL TO CAPITOL FORUM'S MOTION—IF IT CANNOT CONTEST THESE FACTS, PARTIAL SUMMARY JUDGMENT IS APPROPRIATE

Under Rule 56(d), a court may deny or defer a motion for summary judgment or may allow for discovery but should only do so if the movant demonstrates that "for specified reasons it cannot present facts essential to justify its opposition."  Here, Bloomberg's counsel asserts that the reason Bloomberg cannot present an opposition is because it has not yet had an opportunity to test Capitol Forum's statement of undisputed material facts in discovery.  This is an artful dodge.  While formal discovery has not yet occurred, Bloomberg presently has all of the information at its disposal "essential to justify its opposition."  The problem for Bloomberg is

that it cannot in good faith contest the essential facts upon which Capitol Forum's motion is based.  Thus, the dodge.

As this Court stated in *Newborn v. Yahoo!, Inc.,* 391 F. Supp. 2d 181, 186 (D.D.C. 2005), "[i]n order to establish a claim of contributory copyright infringement, the plaintiff must allege '(1) direct infringement by a third party; (2) knowledge by the defendants that third parties were directly infringing; and (3) substantial participation of the defendant in the infringing activities.'" (citing *Fonovisa v. Napster, Inc.,* No. 3:01-cv-02669, 2002 WL 398676, at *4 (N.D. Cal. Jan. 28, 2002)).

Each of these elements is satisfied in this case.  Capitol Forum has provided proof that: (1) Bloomberg received 103 copyrighted publications from Capitol Forum subscribers transmitted in violation of the copyright laws; (2) Bloomberg knew that the Capitol Forum publications were copyrighted and could not be transmitted; and (3) Bloomberg solicited the Capitol Forum subscribers to send it the copyrighted material.

This proof has not—and cannot—be challenged by Bloomberg and it entitles Capitol Forum to partial summary judgment on its contributory infringement claim.  The facts establish direct infringement by the Capitol Forum subscribers.  As set forth in SOMF No. 15, Bloomberg received 103 copyrighted publications.  The facts establish that Bloomberg knew that the materials were copyrighted and could not be transmitted without Capitol Forum's permission. As set forth in SOMF No. 21, Bloomberg itself cautions its subscribers against the same type of copyright violations that Mr. Fineman has solicited, and Bloomberg itself has taken steps to enforce its copyright protections in similar circumstances.

Finally, the facts establish that Bloomberg "substantially participated" in the infringing activities.  The substantial participation requirement is easily met in this case by Mr. Fineman's

solicitation of the Capitol Forum subscribers.  Mr. Fineman routinely contacted Capitol Forum subscribers and asked them to send him the Capitol Forum publications.  *See* SOMF No. 15.  As the Supreme Court stated in *Grokster, supra*, the type of inducement activity sufficient to satisfy the substantial participation requirement includes "active steps…to encourage direct infringement," and that solicitation is "the classic case of inducement."  *See also* Dkt. 17-1 at pp. 10-12.

Bloomberg does not need discovery to contradict these facts.  It knows it received copyrighted publications from Capitol Forum subscribers.  It knows these publications were copyrighted and could not be transmitted; and it knows that Mr. Fineman called up the Capitol Forum subscribers (or contacted them by text or email) and asked them to send him copies of the Capitol Forum publications.  If, in good faith, Bloomberg wants to contest any of these facts, it has the ability to do so now, and can proceed to oppose Capitol Forum's motion.  If it cannot, in good faith, contest any of these facts, partial summary judgment is appropriate.  But in either case, discovery under Rule 56(d) is unnecessary, and inappropriate.[8]

## VI.    THERE IS NO NEED TO DEFER CAPITOL FORUM'S MOTION

Capitol Forum understands that its motion for partial summary judgment cannot be resolved before this Court addresses Bloomberg's motion to dismiss the contributory infringement claim.  But Capitol Forum submits that resolution of the contributory claim need

---

[8] In another dodge, Bloomberg describes Capitol Forum's statement that "Bloomberg cannot dispute the fact that it has **solicited and induced** Capitol Forum subscribers" as an "*ipse dixit,*" because Bloomberg "denies that it has **induced** the . . . copyright violations."  *See* Dkt. 21 at pp. 7-8. (emphasis added).   But the juxtaposition of this sentence tells us all we need to know.  While Bloomberg may deny that it "induced" the violations, it cannot deny that it "solicited" the violations.  And Bloomberg's denial of inducement is completely meaningless.  Under the law, solicitation **is** inducement.  As the Supreme Court stated in *Grokster*, "solicitation" is the "classic instance of inducement."  545 U.S. at 916, 937.  Bloomberg's solicitation and inducement of Capitol Forum subscribers is hardly an *ipse dixit*.  It is now an acknowledged fact.

not await the resolution of the motion to dismiss on the other two counts—and that the contributory claim can be resolved without discovery.

First, the motion to dismiss the other two counts, direct infringement and misappropriation, involve pleading issues not present in the motion to dismiss the contributory claim.  With respect to the contributory claim, Bloomberg is not raising pleading formalities and instead asserts issues that are identical to the issues raised in Capitol Forum's motion for partial summary judgment.  In both, Bloomberg asserts that its conduct is protected by the first amendment journalistic privilege and, alternatively, that its conduct does not rise to the level of "substantial participation."  Both these issues are squarely addressed in Capitol Forum's motion for partial summary judgment and can be resolved concurrently with the motion to dismiss.

Second, this Court's decision in *W. Virginia ex rel. Morrisey v. United States Dep't of Health & Human Servs.,* No. 14-cv-1287 (RBW), 2014 WL 12803229, at *1 (D.D.C. Nov. 3, 2014) appears to be informed by the passage it quotes from *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013): "Not needing more lawyers to spend more time on more briefs in order to decide the motion to dismiss, the Court granted the motion to stay."  But the considerations are different here.  In this case, the issues on both motions are the same, the briefs are the same, the facts are clear cut, and resolution of the partial summary judgment motion prior to discovery will not impede efficient case management.  Indeed, in view of Bloomberg's smorgasbord of irrelevant discovery demands, early resolution of the contributory infringement claim will significantly shorten this case.

## VII.  CONCLUSION

Bloomberg's request to defer or deny under Rule 56(d) is legally and factually flawed.  Bloomberg has failed to specify why it cannot at this time "present facts essential to justify its

opposition" to Capitol Forum's motion for partial summary judgment.  Bloomberg should be ordered to respond to Capitol Forum's motion now.

Dated:  Washington, DC                     Respectfully submitted,
        April 17, 2020

                                            By: */s/ John B. Williams*
                                            John B. Williams (DC Bar #257667)
                                            Fara N. Kitton (DC Bar #1007793)
                                            WILLIAMS LOPATTO PLLC
                                            1200 New Hampshire Ave., NW, Ste. 750
                                            Washington, DC  20036
                                            Tel.: (202) 296-1611
                                            jbwilliams@williamslopatto.com
                                            *Counsel for Plaintiff*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2020, a true and correct copy of Plaintiff's Reply in Support of its Motion for Partial Summary Judgment was filed electronically with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system, which sent notification of such filing to Plaintiff's counsel of record:

> Tara M. Lee, Esq. (taralee@quinnemanuel.com)
> Quinn Emanuel Urquhart & Sullivan, LLP
> 1300 I St. NW, Suite 900
> Washington, D.C. 20005
>
> Robert L. Raskopf (robertraskopf@quinnemanuel.com)
> Jessica A. Rose (jessicarose@quinnemanuel.com)
> Quinn Emanuel Urquhart & Sullivan, LLP
> 51 Madison Ave., 22nd Floor
> New York, New York 10010

> _/s/ John B. Williams_
>  John B. Williams